## WILLIAM GRISSMAN *v.* GEORGE W. SMITH.

**Debtor — Pretended Insolvency — Purchase of Claim — Fraud.**

Buying in of Grissman's debts with his own money, at a discount from his creditors, they believing him insolvent when he was solvent, was a fraud on them and a sufficient legal reason why no court would assist him to procure the profits thus made by his own fraudulent act.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 21, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

It is evident that Grissman understood the amount of each item of his account correct when it was presented to him. It would be a far-fetched presumption to say that a man did not know the amount of the debts he owed; besides it may be fairly presumed in this instance that most of the items were for notes which had been taken up by Smith and doubtless were declared over to Grissman. One was for a judgment against him. He surely ought to have known its amounts; if he did not it was because of his own *laches*.

It may also be presumed from the evidence that Grissman knew, previous to said settlement, that Smith was purchasing debts on

him at a discount. His own salesman's act in acknowledging a settlement in full by writing should not be disturbed without proof of mistake or fraud or overreaching of some sort.

The excuse given by Grissman for signing the receipt that he had made a purchase of a house and lot at over $6,000 and must have the money and could not get it from Smith without signing said receipt is wholly unsustained by the evidence. The proof shows he got the money in the forenoon, examined the account, and signed the receipt.

The proof raises the presumptions that it was agreed between their parties that Smith should have the benefit of purchasing in Grissman's debts, as he had been and still was insolvent, or that these should be purchased in for their joint benefit.

The purchase in of these debts with Grissman's money, at a discount from his creditors, they believing him to be insolvent when really he had more than a sufficiency in money to pay them, would be a fraud on them and a sufficient legal reason why no court would assist him to get this profit thus made by his own fraudulent act.

In either aspect of the case it seems clear that appellant is not entitled to the relief sought, and the court correctly dismissed his petition.

The judgment is, therefore, affirmed.

*Mix,* for appellant.

*Pirtle,* for appellee.